**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| David Ashenfelder and Jade Inns, Inc., d/b/a Georgetonian Motel, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No.: 2:05-007-12-CWH |
| vs. | ) |
| City of Georgetown, a body politic, | ) **ORDER** |
| Defendant | ) |

The Plaintiff, David Ashenfelder ("Ashenfelder"), owned and operated the Georgetonian Motel (the "Motel") in Georgetown, South Carolina. Since 1979, the plaintiffs have operated, maintained, repaired, and improved a billboard along Highway 17 and Church Street in Georgetown.

Ashenfelder traces his interest in the billboard back to 1952 when the Motel used it for advertising. In 1976, the South Carolina Highway Department issued a South Carolina Outdoor Advertising Permit to the Georgetonian Motel. In 1979, Ashenfelder purchased the Motel. Although the seller did not give Ashenfelder any title or writing regarding the billboard, the seller orally informed Ashenfelder of the billboard. Ashenfelder undertook the operation, maintenance, repair, and permit acquisition related to the billboard when he purchased the Motel.

The billboard advertised the Georgetonian Motel until Ashenfelder started leasing the billboard to other parties around 1995 when he sold the Motel and retired. In 2003, Ashenfelder

leased the billboard to a local realtor for $7,800 a year in order to generate retirement income.

On January 13, 2002, a motorist drove his automobile into the billboard and knocked down the billboard. Gerald Freeman, Director of Development of the City of Georgetown, and L. Boyd Johnson, City Administrator, decided that the billboard should be removed. Although Ashenfelder had asserted his ownership of the billboard and requested a lease of the real property in letters to the city years before the accident, the City of Georgetown tore down the billboard without giving him any notice.

Ashenfelder first learned that the billboard had been removed when he drove by its location on January 24, 2003. Ashenfelder contacted the city and requested that he be permitted to put up a new billboard. The city denied his request. In his deposition, L. Boyd Johnson stated that the city chose to not permit Ashenfelder to replace the billboard because the billboard was on city property and did not meet the city's zoning codes.

On December 1, 2004, the plaintiffs sued the City of Georgetown for negligence, conversion, violation of 42 U.S.C. §1983, fifth amendment taking without just compensation, and estoppel. The plaintiff asserted a prescriptive easement and sought billboard replacement, actual and punitive damages, costs, attorneys' fees, and a declaratory judgment.

Pursuant to 18 U.S.C. §§1441 and 1446, the City of Georgetown removed the suit to federal court on the basis of 28 U.S.C. §1331 federal question jurisdiction. Under 28 U.S.C. §1441(c) a defendant may remove a whole case if the case contains "a separate and independent claim" or cause of action within federal question jurisdiction. The case was properly removed. The City of Georgetown has moved for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be

rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. The courts have held that summary judgment is authorized only where the moving the party is entitled to judgment as a matter of law, where it is clear what the truth is, and where no genuine issue remains for trial. Poller v. Columbia Broadcasting Sys., Inc., 368 U.S. 464 (1962).

The plaintiffs claim that their billboard was removed without due process and assert a claim under 42 U.S.C. §1983. The Supreme Court has held that a state official's random and unauthorized act which causes the deprivation of a property interest does not violate due process where the state furnishes a post-deprivation remedy. Parratt v. Taylor, 451 U.S. 527, 543 (1981). Parratt, a prisoner, sued prison officials pursuant to 42 U.S.C. §1983 when his hobby kit that he ordered from a mail order company was lost. The Court concluded that Parratt's proper remedy was to sue in state court under the Nebraska Tort Claims Act. Id.

Three years later, the Court applied the Parratt doctrine to intentional conduct. Hudson v. Palmer, 468 U.S. 517, (1984). The Court reasoned that a state cannot anticipate and control random and unauthorized intentional acts, and therefore, the state should be able to remedy its random and unauthorized intentional acts. In 1986, the Supreme Court overruled Parratt in part, holding that a "mere lack of due care [does not] 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." Daniels v. Williams, 474 U.S. 327, 330-31 (1986). The Court subsequently narrowed the Parratt doctrine, holding it inapplicable in cases in which the State accorded officials broad power and little guidance in effecting the deprivation. Zinermon v. Burch, 494 U.S. 113, 138 (1990). In Zinermon, a mental patient brought suit under

42 U.S.C. §1983 claiming that personnel at a Florida state hospital deprived him of his liberty when he consented to admission for mental treatment while incompetent. The plaintiff claimed that the state hospital personnel abused their broad power under Florida law. The Court held that the Parratt doctrine did not preclude the §1983 claim because the conduct of the hospital personnel was not random and unauthorized. The following factors were critical in giving the patient a §1983 cause of action: (1) the deprivation was foreseeable; (2) predeprivation process was possible; and (3) the conduct was not unauthorized within the meaning of Parratt. Id. at 136-38. Because Florida gave broad discretion to state hospital personnel, the state could foresee that abuse of the discretion would infringe on a patient's liberty interest. Therefore, a state may be liable for the acts of state officials who act within their state authorized power and discretion.

In this case, the City of Georgetown intentionally disposed of the billboard without notifying the plaintiff, thus depriving him of his alleged property interest in the billboard without prior notice or a hearing. This deprivation was random and unauthorized within the meaning of Parratt. Pursuant to the non-discretionary procedures established by the South Carolina Code and the Code of the City of Georgetown, the plaintiff was entitled to notice prior to the billboard's removal and possibly some form of compensation. S.C. CODE ANN. §57-25-190; GEORGETOWN CODE §1001.13. The deprivation in this case was random because the act was not foreseeable or predictable. Zinermon. at 136. The deprivation was unauthorized because the city acted in contravention of both the South Carolina Code and the Georgetown Code.

The South Carolina legislature and Department of Transportation comprehensively regulate billboards to prevent distraction of motor vehicle operators, prevent confusion with

regard to traffic signs, and preserve the scenic and aesthetic features of areas adjacent to highway rights of way. S.C. CODE ANN. §§ 57-25-110 to 57-25-220. The owner of a billboard must acquire a permit annually from the South Carolina Department of Transportation. S.C. CODE ANN. 57-25-150. South Carolina law dictates the size, placement, and removal of billboards. S.C. CODE ANN. 57-25-140.

The South Carolina Code provides that no sign lawfully in existence on November 3, 1971, or lawfully erected after November 2, 1971, shall be removed only with payment of just compensation. Compensation must be paid to the owner of the sign and the owner of the real property on which the sign is located. S.C. CODE ANN. §57-25-190(A),(B).

The plaintiffs allege that their §1983 claim is saved by the Zinermon principle. They claim that the deprivation was foreseeable, predictable, and within the discretion of the defendants because the Georgetown Code allows city officials to remove signs without compensation when the South Carolina Department of Transportation relinquishes jurisdiction. City of Georgetown Code, Article X §1001.202. This argument is unavailing. First, The South Carolina Department of Transportation did not relinquish jurisdiction over the plaintiff's billboard. The plaintiffs acquired a permit annually since at least 1976. Second, Georgetown City officials were not given broad power and discretion. Rather, South Carolina statutes and city ordinances comprehensively regulate the plaintiffs' billboard. In addition, the South Carolina Code protects owners from billboard removal by government officials. §57-25-190(A),(B).

The three Zinermon factors do not save the plaintiff's §1983 claim in this case. First, the deprivation of plaintiffs' billboard was unforeseeable because the city officials violated both the

South Carolina Code and the Georgetown Code. Second, predeprivation process was provided for by law, but the city officials violated the law. Third, the city officials' conduct was unauthorized within the meaning of Parratt because the conduct violated the South Carolina Code and Georgetown Code.

The South Carolina Code requires government officials to compensate a sign owner prior to removal. S.C. CODE. ANN. §57-25-190(C). The Georgetown City officials violated this law because they did not compensate any owner before removing the billboard. The officials claim that the billboard endangered the public. According to the Georgetown Code, in the case of public endangerment, city officials must erect barricades and give the sign owner notice before eliminating the threat. Section 1001.13 of the Georgetown Code provides:

> All signs are required to be maintained in such a manner as to protect the general public and adjacent property from damage and blight. All signs and supports, structures, braces, guys, and anchors, thereof shall be kept in good repair, refurbished from time to time, as necessary, and perpetually maintained in safe condition, free from deterioration, defective or missing parts, or peeling or faded paint, and able to meet the structural standards described in the building code. Any sign not in compliance with this provision is hereby declared to be a nuisance.
> If a sign or any part thereof is declared to be a nuisance, the Zoning Administrator shall notify the appropriate person(s) in writing that the condition must be corrected within a specified period. If no action is taken within the time period by the person(s) charged with maintaining such sign, the Zoning Administrator shall initiate such action to have the sign removed at the person(s) expense, in addition to being subject to Section 1106 of this Ordinance.
> In the event that the Zoning Administrator determines that such sign or parts thereof constitute an immediate threat to the public, he/she shall arrange for barricades to prevent public injury. The person(s) charged with maintaining such sign shall be given twenty-four hours to eliminate the threat or the Zoning Administrator shall initiate action described in the preceding paragraph. The Zoning Administrator shall document the reason(s) such sign is declared to be an immediate threat to public safety.

The city in no way followed its own ordinance. The Administrator made no effort to contact the

plaintiff. No barricades were erected. No documentation regarding the immediacy of the threat has been presented to this Court.

The Parratt doctrine excludes the plaintiffs' §1983 claim because they have an adequate state remedy. The South Carolina Tort Claims Act provides individuals with a remedy for tortious acts committed by a governmental entity, its employees, or agents. S.C. CODE ANN. §15-78-20(b). The Act provides: "The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein." S.C. CODE ANN. §15-70-40. In addition, South Carolina billboard regulations provide compensation to billboard owners when the state removes a billboard. S.C. CODE ANN. §57-25-190 (A),(B). Therefore, the plaintiffs could also sue for violations of South Carolina billboard regulations.

The plaintiff bears the burden of proving the inadequacy of the available state remedies. Yates v. Jamison, 782 F.2d 1182, 1187-88 (4th Cir. 1992). The plaintiffs claim that suing under South Carolina state law is inadequate because the defendant has raised legislative immunity and sovereign immunity in its answer. This argument is unavailing because the South Carolina Tort Claims Act is a limited waiver of immunity. S.C. CODE ANN. § 15-78-20(b). The plaintiffs claim that the South Carolina Tort Claims Act provides an inadequate remedy because it disallows punitive damages, which the plaintiffs could recover under §1983. S.C. CODE ANN. §15-78-120(b). The Supreme Court has held that "[a]lthough state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under §1983, that does not mean that the state remedies are not adequate to satisfy the requirements of

due process." Parratt v. Taylor, 451 U.S. at 544.  The Fourth Circuit Court of Appeals has found South Carolina remedies sufficient to compensate plaintiffs for deprivation of property under color of state law.  See Bogart v. Chappell, 396 F.3d 548, 563 (2005).  The plaintiffs fail to show that a meaningful postdeprivation remedy for the loss is unavailable.

The remaining federal question is the plaintiffs' allegation of an unlawful taking of their property in violation of the Fifth Amendment to the United States Constitution.  This claim is not ripe for adjudication.  The Fifth Amendment proscribes a taking without just compensation. Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194 (1985).  "If the government has provided an adequate process for obtaining compensation, and if resort to that process 'yield[s] just compensation,' then the property owner 'has no claim against the Government' for the taking."  Id. at 194-195, citing Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1013 (1984).  Therefore, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."  Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. at 195.

South Carolina provides for compensation for governmental takings through an inverse condemnation action.  See Byrd v. City of Hartsville, 620 S.E.2d 76 (2005).  In addition, the South Carolina Tort Claims Act and South Carolina billboard regulations provide state remedies for the plaintiffs' loss.  Therefore, the plaintiffs' Fifth Amendment takings claim is dismissed because it is not ripe.

A district court may decline to exercise supplemental jurisdiction over a state law claim if the court has already dismissed all claims over which it has original jurisdiction.  28 U.S.C.

§1367(c)(3) (2000); see also Doe v. Montgomery County, Md., 47 Fed. Appx. 260 (4th Cir. 2002).  Because the plaintiffs have no §1983 claim or Fifth Amendment takings claim, this action is remanded to the South Carolina Court of Common Pleas.

    **IT IS SO ORDERED.**

    _____
    C. WESTON HOUCK
    UNITED STATES DISTRICT JUDGE

March 16, 2006
Charleston, South Carolina